**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

| | |
|---|---|
| Tyler Beshears, Individually, and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Blue Ridge Power, LLC, Pine Gate Renewables, LLC, and ACT Power Services, LLC,<br><br>Defendants. | C/A No.: 3:25-cv-835<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

**CLASS ACTION**
**FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *ET SEQ*.**

Plaintiff, Tyler Beshears ("Plaintiff"), alleges on behalf of himself and a putative class of similarly situated former employees of Blue Ridge Power, LLC, Pine Gate Renewables, LLC, and ACT Power Services, LLC (together "Defendants") by way of this Class Action Complaint against Defendants as follows:

**NATURE OF THE ACTION**

1. The Plaintiff brings this action on behalf of himself, and other similarly situated former employees who worked for Defendants and who were terminated without cause as part of, or as the result of, mass layoffs or plant closings ordered by Defendants on or about October 17, 2025 and within thirty (30) days of that date, who were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*, (the "WARN Act").

2. Plaintiff was terminated along with approximately 465 other similarly situated employees as part of, or as the foreseeable result of a mass layoff or plant shutdown ordered by Defendants. These terminations failed to give Plaintiff and other similarly situated employees of Defendants at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence of the violation, Plaintiff and other similarly situated employees of Defendants seek their statutory remedies, pursuant to 29 U.S.C. § 2104.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because Defendant conducted business and employed the Plaintiff and similarly situated employees in this District.

## THE PARTIES

***Plaintiff***

5. Plaintiff, Tyler Beshears, was employed by Defendants at a Senior Quality Manager. Plaintiff was not assigned to a specific work site. Most recently, Plaintiff worked at two sites in the Raleigh, North Carolina area and two work sites in the Asheville, North Carolina area, and one work site in South Carolina. Plaintiff worked for Defendants until his termination on or about October 17, 2025.

6. Plaintiff received advanced notice of a potential layoff. Plaintiff received a WARN Act notice on or about September 18, 2025. (Exhibit A). Therein, the notice states a plan to "…effectuate this reduction-in-force to occur on or before November 18, 2025…". That WARN Act notice was issued to approximately 517 employees.

7. Along with Plaintiff, approximately 465 employees of Defendants who worked at, reported to, or received assignments from Defendants' employment were terminated on or about October 17, 2025, without the required 60-day advanced written notice.

8. Approximately 54 employees were retained by Defendants on and after October 17, 2025.

***Defendants***

9. Defendant Blue Ridge Power, LLC is a North Carolina liability company formed on or around March 19, 2020, with its principal place of business located at the Headquarters Facility. Blue Ridge Power was created as a spin-off from the Engineering, Procurement, and Construction ("EPC") division of Pine Gate Renewables, LLC. Upon its formation, Blue Ridge Power initially performed EPC services exclusively for Pine Gate Renewables projects. Over time, Blue Ridge began providing EPC services to other companies as well. Blue Ridge Power conducts business in this District.

10. Defendant Pine Gate Renewables, LLC is a North Carolina limited liability company formed on May 12, 2016, with its principal place of business located at 130 Roberts Street, Asheville, NC 28801. Pine Gate is a developer and owner-operator of utility-scale solar and energy storage projects across the United States. As part of a coordinated corporate structure, Pine Gate created Blue Ridge Power, LLC as its EPC arm and also established ACT Power Services, LLC, an operations and maintenance company. Pine Gate Renewables, LLC conducts business in this District.

11. Defendant ACT Power Services, LLC is a North Carolina limited liability company formed on or about January 9, 2020, with its principal place of business located at 2801 Slater Road, Suite 110, Morrisville, NC 27560. Defendant ACT Power Services, LLC conducts business

in this District. The company was in existence prior to January 9, 2020 but was acquired by Pine Gate Renewables, LLC to perform operations and maintenance functions.

12. Internally, these three entities—Pine Gate Renewables, Blue Ridge Power, and ACT Power—were collectively referred to as "The Enterprise."

13. Upon information and belief at all relevant times, Defendants owned, maintained and operated its corporate headquarters in North Carolina, and operated additional facilities as that term is defined by the WARN Act in the United States.

14. Defendants had common ownership.

15. Defendants had common directors and/or officers.

16. Defendants had de facto exercise of control by the same individuals.

17. Defendants had unity of personnel policies emanating from a common source.

18. Defendants had dependency on one another for company operations.

19. Defendants are a single employer within the meaning of 20 C.F.R. § 639.3(a).

20. Upon information and belief, on October 17, 2025, Defendants terminated approximately 465 employees who worked at or reported at their Facilities.

21. Until termination by Defendants, Plaintiff and the other similarly situated persons were employees of Defendants who worked at, received assignments from, or reported to Defendants' Facilities.

**WARN ACT CLASS ALLEGATIONS**

22. The WARN Act defines a "plant closing" as follows: The permanent or temporary shutdown of a single site of employment, or one or more facilities or operating units within a single site or employment, if the shutdown results in an employment loss at the single site of employment during any 30-day period for 50 or more employees excluding any part-time employees. 29 U.S.C. § 2101(a)(2).

23. WARN Act defines a "mass layoff" as a reduction in force which is not the result of a plant closing and results in an employment loss at a single site of employment during any 30-day period for at least 33% of the active employees (excluding part-time employees) and at least 50 employees (excluding part-time employees); or at least 500 employees (excluding part-time employees). 29 U.S.C. § 2101(a)(3); 20 C.F.R. § 639.3(c).

24. The distinction between a plant closing and a mass layoff, according to the regulations, is that a plant closing involves "employment loss which results from the shutdown of one or more distinct units within a single site or the entire site" while a mass layoff "involves employment loss, regardless of whether one or more units are shut down at the site." 20 C.F.R. §639.3(c)(1).

25. Plaintiff and all other similarly situated employees were employees, employed by Defendants, who were their employers, for all relevant and required periods of time.

26. Plaintiff and all other similarly situated employees were terminated as part of plant shutdowns or mass layoffs as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

27. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of himself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23(a), who worked at, reported to, or received assignments from Defendants' Facilities and were terminated without cause beginning on or about October 17, 2025, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about October 17, 2025 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

28. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such people is

unknown, but are known to be around 465 people impacted, the exact calculation of that number can be based are presently within the sole control of Defendants.

29. Upon information and belief, Defendants employed more than 500 full-time employees who worked at or reported to the Facilities.

30. Upon information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendants.

31. Upon information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her/their termination is contained in the books and records of Defendants.

32. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

a. whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendants' Facilities;

b. whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

c. whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

33. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at, or reported to Defendants' Facilities and was terminated beginning on or about October 17, 2025, due to the mass layoff and/or plant closing ordered by Defendants.

34. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including employment litigation.

35. On or about October 17, 2025, Plaintiff was terminated by Defendants. This termination is part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which he was entitled to receive 60 days advance written notice under the WARN Act.

36. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

37. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

38. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF
## Violation of the Federal WARN Act

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. At all relevant times, Defendants employed more than 500 employees who in the aggregate worked about 20,000 hours per week, exclusive of hours of overtime, within the United States.

41. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order mass layoffs or plant closings at the Facilities.

42. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendants as that term is used in 29 U.S.C. §2101.

43. On or about October 17, 2025, the Defendants ordered mass layoffs or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

44. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for estimated about 465 employees of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

45. Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

46. Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

47. Defendants were required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

48. Defendants failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

49. Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

50. Defendants failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants:

A. Certification of this action as a class action;

B. Designation of Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of the Plaintiff and each of the affected employees equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period all determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A);

E. Reasonable attorneys' fees and the costs and disbursements that Plaintiff will incur in prosecuting this action, as authorized by the federal WARN Act, 29 U.S.C. § 2104(a)(6);

F. Interest as allowed by law on the amounts owed under the preceding paragraphs; and

G. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/Jacob Modla

Jacob Modla (No. 17534)
CROMER BABB & PORTER, LLC
1418 Laurel Street (Suite A) (29201)
Post Office Box 11675
Columbia, SC 29211
Phone: (803) 799-9530
Fax: (803) 799-9533
Jake@CromerBabb.com

*Attorneys for the Plaintiff and the putative class*

October 22, 2025